Mark J. Payne (State Bar No. 157989)
mpayne@rutan.com
Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff
M S INTERNATIONAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| M S INTERNATIONAL, INC., an Indiana corporation, Plaintiff, vs. VAIBHAV SANGHVI, an individual, and COUNTER SURFACES, INCORPORATED, a Texas corporation, and DOES 1 through 10, inclusive, Defendants. | Case No. **COMPLAINT FOR:** **(1)** **VIOLATION OF FEDERAL DEFEND TRADE SECRETS ACT;** **(2)** **VIOLATION OF CALIFORNIA PENAL CODE SECTION 502;** **(3)** **VIOLATION OF PENAL CODE SECTION 496;** **(4)** **VIOLATION OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030;** **(5)** **FRAUD AND DECEIT – VIOLATION OF CIV. CODE §§ 1709, 1710; and** **(6)** **FEDERAL TRADEMARK INFRINGEMENT;** **(7)** **UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE §§ 17200, et seq.** **[JURY TRIAL DEMANDED]** |
|---|---|

As a Complaint against Defendants Vaibhav Sanghvi, Counter Surfaces, Incorporated, and Does 1-10, inclusive, Plaintiff M S International, Inc. (MSI) alleges as follows:

## NATURE OF ACTION

1.      MSI alleges that Defendants Sanghvi and Counter Surfaces hacked into MSI's computers, stole MSI's trade secrets, and infringed MSI's trademarks to jump-start their competing business by soliciting MSI's customers and suppliers rather than developing their own business with their own ingenuity, time, expense and effort.

2.      Sanghvi is a former trusted employee who secretly formed a competing company, Counter Surfaces, while still employed with MSI.  Defendants then used and exceeded Sanghvi's access as MSI's trusted employee to steal MSI's Trade Secrets from its computer systems and to compete unlawfully against MSI using the stolen trade secret information and infringing MSI's trademarks.  MSI alleges that Defendants took for themselves the revenue, profit and earnings that MSI otherwise would have earned from its hard-earned customer relationships. Sanghvi concealed and covered up his actions by lying to MSI and deleting MSI's computer files.

3.      MSI seeks to redress Defendants' unlawful conduct and to stop them from using MSI's trade secrets, trademarks and other property and records.

## THE PARTIES

4.      Plaintiff MSI is an Indiana corporation, with its principal place of business and headquarters in Orange County, California.  MSI is, and was at all relevant times, qualified to do business in California.

5.      Defendant Sanghvi was employed by MSI in its Orange headquarters in various procurement and sales positions, and in that capacity MSI trusted him to access MSI's computers, property, business materials and information solely for the benefit of MSI in connection with his assigned job duties.

6.      MSI is informed and believes that Defendant Counter Surfaces, Incorporated, is a Texas corporation, and that Sanghvi formed Counter Surfaces effective as of about December 9, 2015.

7. MSI sues defendants DOES 1 through 10 under fictitious names. Their true names and capacities, whether individual, corporate, associate or otherwise, are unknown to MSI. When MSI ascertains their true names and capacities, it will seek permission from this Court to amend the Complaint to insert the true names and capacities of each fictitiously named Defendant. MSI is informed and believes that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that these Defendants directly and proximately caused MSI's damages.

8. On information and belief, MSI alleges that, at all times relevant to this Complaint, Defendants were the servants, employees, alter egos, successors-in-interest, subsidiaries, affiliated companies or corporations, and joint venturers of the other Defendants, and were, as such, acting within the course, scope and authority of each other Defendant. MSI further alleges on information and belief that each of the Defendants acted in concert with, and with the consent and authorization of, each of the other Defendants, and that each of the Defendants ratified or agreed to accept the benefit of the conduct of each of the other Defendants.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1836(c).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, omissions, and acts that are the subject of this action occurred, and a substantial part of the property that is the subject of this action is situated, within the Central District of California.

## GENERAL ALLEGATIONS

11. Since its founding in 1975, MSI has grown into a leading nationwide distributor of flooring, countertop, wall tile and hardscaping products with more than 20 distribution centers throughout the United States and Canada. Headquartered in Orange, California, MSI services customers throughout the country. Its products are imported, sold and used in interstate and foreign

1    commerce.

2        12.      MSI uses and owns many trademarks in connection with its business.

3    For example, and pertinent to this action, MSI sells its quartz products under various

4    trademarks, including, for example, "Sparkling White," "Iced White," "Sparkling

5    Gray," "Frost White," "Snow White," "Canvas," "Pebble Rock," "Pearl Gray" and

6    "Carrara Grigio" (collectively, the "Marks").  MSI has used the Marks in commerce

7    for many years, some as many as nine years.  MSI's sales and advertising of

8    products under the Marks has been continuous and extensive throughout the United

9    States.  MSI's use of these marks in connection with the sale of quartz products has

10   been exclusive.   In advertising and promotional materials, including on its website,

11   MSI uses "TM" with these Marks to notify the public of MSI's rights in the Marks.

12       13.      As a result of MSI's continuous, extensive and exclusive use of the

13   Marks in commerce, the consuming public and those in the trade recognize the

14   Marks as signifying a single source of goods, *i.e.*, MSI.  As such, the Marks are

15   protectable under the Lanham Act.

16       14.      MSI also has spent over 40 years, and continues to spend,

17   considerable time, effort and resources building, compiling and maintaining the

18   trade secrets that contribute to its success, including customer and vendor lists;

19   customer information and preferences; pricing data; product information and

20   sourcing; contract details; financial information, including information relating to

21   pricing, sales, margin and profitability, discounts, credit terms; sources of material;

22   and competitors (collectively, "MSI's Trade Secrets").  MSI's Trade Secrets also

23   include a proprietary database, which tracks imports from suppliers around the

24   world, and which can be used to quickly and efficiently identify all of the suppliers

25   for different types of stones.  MSI maintains its Trade Secrets in several ways,

26   including on its computers.

27       15.      MSI's Trade Secrets are directly related to the products of MSI

28   which are imported, sold and used in interstate and foreign commerce.

Rutan & Tucker, LLP
*attorneys at law*

16. MSI's Trade Secrets are integral to its business. They derive independent economic value (actual or potential) because they are not generally known to another person who can obtain economic value from the disclosure or use of the information. They also are not readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information.

17. MSI takes steps to protect and preserve the confidentiality of its Trade Secrets. To this end, MSI has adopted safeguards, policies and procedures on its dissemination and use. For example, MSI restricts access to its customer and vendor information, including requiring all employees who use computers with access to this information to use a password.

18. MSI also maintains and distributes employment policies for the protection of this information, which Sanghvi acknowledged and agreed to respect and honor. For example, Sanghvi accepted and agreed to comply with all of the following written policies:

a. "You may not use, sell, or convey confidential business knowledge acquired while at MSI to any third parties (regardless of whether you are still employed by MSI or working elsewhere at the time that such information is conveyed."

b. "Disclosure of MSI trade secrets and confidential information to a future employer is strictly prohibited, and may subject the former employee (as well as the new employer) to suit for any damages from the unauthorized disclosure."

c. MSI's "trade secret and confidential information includes, but is not limited to" . . . "Customer and vendor lists; Customer information and preferences; Pricing data; Contract details; Financial information, including information relating to pricing, sales, profits, discounts, etc.; . . . [and] Sources of material."

1        d.      "Employees who have access to MSI's trade secrets, confidential

2 and proprietary information cannot use such information to solicit business from

3 MSI's customers or suppliers."

4        e.      "If you stop working at MSI, you must return all MSI property

5 immediately.  This includes, but is not limited to, any documents, software or other

6 material concerning or reflecting any of MSI's trade secrets or confidential

7 information."

8       19.      Upon employment termination, MSI also reminds its employees of

9 their obligations not to retain, use or disclose MSI's Trade Secrets and to return all

10 company property, including MSI's Trade secrets.

11       20.      Sanghvi began his employment with MSI in 2003.  MSI entrusted

12 Sanghvi in positions of procurement and sales from approximately 2005 until June

13 24, 2016, at which time Sanghvi voluntarily resigned his employment.  During his

14 employment, MSI had allowed Sanghvi to access MSI's Trade Secrets and other

15 electronically stored information, customer and supplier information, contracts and

16 other commercially sensitive records.  MSI also gave him custody of personal

17 property belonging to MSI, including, among other things, a company desktop,

18 laptop and cell phone computer equipment—all for the limited purpose of

19 performing his assigned job duties as a loyal employee of MSI.  Sanghvi's authority

20 to access and use MSI's information and property was expressly limited to accessing

21 and using it for the exclusive benefit of MSI.

22       21.      Before resigning from MSI, Sanghvi formed a new competing

23 company, Defendant Counter Surfaces, Incorporated.  Sanghvi concealed his plans

24 from MSI while continuing to lead MSI to believe that he was a trusted employee so

25 that he could secretly access MSI's computers and other resources to copy and steal

26 MSI's computer files and Trade Secrets to use in his new competing business.

27       22.      Sanghvi did not ask for or receive permission to access or copy any

28 of these files to his own electronic storage devices, and he did not tell anyone at

1   MSI that he had done so.  MSI would not have provided Sanghvi with continued

2   access to these files if it had known that he had formed a competing business.

3        23.     Based on MSI's initial investigation so far, the computer files and

4   MSI Trade Secrets copied and stolen by Sanghvi include, among others,

5   spreadsheets and files that included vendor information, customer contact

6   information, customer credit information, customer sales information, customer

7   profitability information, vendor purchase prices, price lists, and crossover guides.

8        24.     Sanghvi stole all of this MSI information before his last day of work,

9   and he compiled and copied it during regular working hours, while MSI was

10  compensating him for what it expected was his loyal performance of his job duties

11  for MSI.  Sanghvi successfully concealed his thefts from MSI by exploiting the trust

12  MSI had placed in him as a long-term employee in a high-level position with access

13  to MSI's most valuable information.

14       25.     For example, on May 19, 2016, Sanghvi accessed and used MSI's

15  computer systems and data to create a file of MSI's customers, which included

16  exactly what each customer purchased, the profit margin, and the average selling

17  price.  He then used MSI's computer system to send the MSI customer information

18  to himself on May 23.  He labeled the subject of the email he sent to himself, "new

19  slabs colors for orange teams."  The content of his email had nothing to do with

20  "new slab colors" or "orange teams."  He used that subject description in an effort to

21  disguise his unlawful actions and prevent MSI from discovering it.

22       26.     When Sanghvi resigned, he did not return any of this information to

23  MSI, and as of the date of this Complaint, Sanghvi still has not returned such files to

24  MSI.

25       27.     After resigning, Sanghvi used MSI's Marks, Trade Secrets and

26  computer files for his own benefit, including to gain an unfair advantage in his

27  competing business activities.

28       28.     In addition, MSI is informed and believes that, during his

1   employment at MSI and thereafter, Sanghvi used and continues to use the

2   information he illegally obtained from MSI to contact MSI's existing and potential

3   customers to solicit their business on behalf of Counter Surfaces and for

4   Defendants' mutual benefit, at the expense of MSI.

5        29.     MSI owns the information that Sanghvi accessed, copied, took and

6   placed on his electronic storage devices.  MSI never agreed that Sanghvi could

7   retain any information related to MSI's business following his departure from MSI.

8   MSI never authorized Sanghvi to access, copy or take for his own personal use or a

9   competitor's use any property, records or information belonging to MSI.  To the

10  contrary, MSI notified Sanghvi that it prohibited such conduct.

11       30.     MSI is informed and believes that Sanghvi is still in possession of,

12  and benefiting from, MSI's valuable business information, which he is using to

13  solicit and steal customers and business opportunities from MSI.

14       31.     On information and belief, Defendants are and have been using

15  MSI's Trade Secrets and MSI's Marks in commerce in connection with the sale of

16  Defendants' competing quartz products.  Among other things, Defendants have been

17  circulating a "Quartz Pricing" price list in which they have used all of the Marks.

18  Defendants' use of the Marks is likely to cause confusion, and constitutes trademark

19  infringement under the Lanham Act.  Defendants were and are fully aware of MSI's

20  trademark rights, and Defendants' use of the Marks to compete with MSI constitutes

21  willful infringement.  Defendants' price list also undercuts MSI's prices to the same

22  customers based on the Trade Secret information Defendants unlawfully obtained

23  from MSI.

24       32.     MSI is informed, believes, and thereon alleges, that Counter Surfaces

25  was aware of Sanghvi's unlawful conduct as described in the immediately preceding

26  paragraphs, and that Sanghvi's actions in this regard were undertaken pursuant to a

27  conspiracy formed between Sanghvi and Counter Surfaces.  That conspiracy

28  contemplated the appropriation and misuse of MSI's computers, data, and other

Rutan & Tucker, LLP
attorneys at law

2101/101660-0003
10747521.2 a04/03/17                          -8-                                    COMPLAINT

resources to advance and pursue competing business activities through the misleading actions, omissions, and concealments described immediately above.  On information and belief, at various times, after formation of the initial conspiracy, those of the defendants who were not part of the initial conspiracy joined in that conspiracy to pursue the competing business activities by accessing, stealing and using MSI's computers, data, and other resources.  On information and belief, as they learned of and joined in the conspiracy, each of the defendants ratified Sanghvi's prior actions and agreed to Sanghvi's actions undertaken thereafter.

33.    Counter Surfaces expressed its assent to the conspiracy by, among other things, with full knowledge of Sanghvi's prior actions, accepting the benefits of Sanghvi's prior actions.

34.    Counter Surfaces had actual knowledge of Sanghvi's conduct because Sanghvi was actively involved in competing business activities with Counter Surfaces and used the property, equipment, and resources of his then-employer, MSI, to compete unlawfully with MSI.

### **FIRST CAUSE OF ACTION**

(Misappropriation of Trade Secrets

in Violation of 18. U.S.C. § 1836(b))

35.    MSI incorporates by reference as though fully set forth herein the allegations in each of the foregoing Paragraphs of the Complaint.

36.    Through the considerable expenditure of time, effort, and capital, MSI developed commercially valuable, confidential, and propriety trade secret information, which includes MSI's Trade Secrets, as defined above.

37.    Before the conduct of Defendants as alleged in this Complaint, MSI's Trade Secrets had independent economic value that was derived from the fact that they were not generally known to the public or to MSI's competitors, who could obtain economic value from its disclosure or use.  MSI developed and obtained these trade secrets over the years through considerable effort and expense, and

1    thereby achieved a substantial business advantage.

2         38.    As alleged in this Complaint, MSI has taken reasonable efforts to

3    protect and maintain the confidentiality of its Trade Secrets, and to protect such

4    information from disclosure to its competitors.

5         39.    Defendants misappropriated and conspired to misappropriate MSI's

6    Trade Secrets by improperly acquiring the Trade Secrets and/or by the

7    nonconsensual use or disclosure of the Trade Secrets.  As alleged above, Defendants

8    acquired MSI's Trade Secrets through theft, deceit, misrepresentations, and a breach

9    of Sanghvi's duty to maintain the secrecy of MSI's Trade Secrets.  Defendants have

10   used this information to gain an unfair advantage over MSI in the marketplace, as

11   alleged in this Complaint.

12        40.    As a direct and proximate result of Defendants' unlawful conduct,

13   MSI has been and will continue to be damaged in an amount that is in excess of this

14   Court's minimum jurisdiction, which includes, among other things, actual damages

15   for loss of valuable information, loss of competitive advantage gained by such

16   information, loss of customers and profits, lost management time, costs incurred

17   attempting to mitigate damages, and legal costs and expenses.  MSI is entitled to

18   damages in an amount to be proven at trial.

19        41.    As a further proximate result of this misappropriation, MSI is

20   informed and believes that Defendants have been unjustly enriched.  The amount of

21   this unjust enrichment cannot presently be ascertained, but will be determined at the

22   time of trial.

23        42.    MSI is additionally entitled to a reasonable royalty based on

24   Defendants' misappropriation, as provided by 18 U.S.C. § 1836(b)(3)(B).

25        43.    On information and belief, Defendants' acts and omissions were

26   intentional, malicious and oppressive, and they were done with the intent and design

27   to damage MSI.  MSI is entitled, therefore, to recover exemplary damages, as

28   provided by 18 U.S.C. § 1836(b)(3)(C), and an award of reasonable attorneys' fees

1   as provided by 18 U.S.C. § 1836(b)(3)(D).

2      44.      Unless enjoined by this Court, Defendants' conduct and continued

3   use of misappropriated trade secrets has and will continue to cause great and

4   irreparable injury to MSI.  MSI has no other adequate remedy at law for such acts

5   and threatened acts.  MSI requests, therefore, that during the pendency of this

6   action, this Court issue a preliminary injunction, and that after trial, this Court issue

7   a permanent injunction, in accordance with 18 U.S.C. § 1836(b)(3)(A), restraining

8   and enjoining Defendants and their agents, employees, attorneys and

9   representatives, and anyone acting at their direction or on their behalf, from:

10          a.      Using or disclosing MSI's Trade Secrets;

11          b.      For a period of at least two years, doing business with any

12   customer, vendor or supplier of MSI;

13          c.      Using or disclosing MSI's Trade Secrets to solicit or accept

14   business from MSI's customers;

15          d.      Directing Defendants to return all of MSI's Trade Secrets in

16   Defendants' possession, custody or control.

17              **<u>SECOND CAUSE OF ACTION</u>**

18              (Violation Of Cal. Penal Code Section 502)

19      45.      MSI incorporates by reference as though fully set forth herein the

20   allegations in each of the foregoing Paragraphs of the Complaint.

21      46.      California Penal Code Section 502 provides for the imposition of

22   criminal fines and/or imprisonment against any person who knowingly engages in

23   any of the following acts, among others:

24          a.      "accesses and without permission alters, damages, deletes,

25   destroys, or otherwise uses any data, computer, computer system, or computer

26   network in order to (A) devise or execute any scheme or artifice to defraud, deceive

27   or extort, or (B) wrongfully control or obtain money, property or data"; or

28          b.      "accesses and without permission takes, copies, or makes use of

1  any data from a computer, computer system, or computer network, or takes or
2  copies any supporting documentation, whether existing or residing internal or
3  external to a computer, computer system, or computer network"; or

4      c.    "without permission uses or caused to be used computer
5  services";

6      d.    "accesses and without permission adds, alters, damages, deletes,
7  or destroys any data, computer software, or computer programs which reside
8  internal or external to a computer, computer system, or computer network"; or

9      e.    "without permission accesses or causes to be accessed any
10  computer, computer system, or computer network."

11      47.    In addition to imposing criminal penalties, Section 502(e)(1) permits
12  the "owner or lessee of the computer, computer system, computer network,
13  computer program, or data who suffers damage or loss" by reason of any violation
14  of Section 502 to bring a civil action for compensatory damages, injunctive relief or
15  other equitable relief.  Section 502(e)(2) further permits the Court in such a civil
16  action to award reasonable attorneys' fees.

17      48.    At all times relevant herein, MSI owned and/or leased computers,
18  computer systems, and a computer network (the "MSI Computer Systems") on
19  which it stored computer data.  MSI did not know about or authorize Defendants to
20  access, alter, remove, delete or use any MSI data for their own personal benefit or
21  for the benefit of any other competing person or company.  MSI also did not know
22  about or authorize Defendants to keep any MSI data, records or other materials after
23  Sanghvi's employment ended, or authorize Defendants to use the MSI property after
24  Sanghvi's employment ended.  In addition, MSI did not know about or authorize
25  Defendants to delete information from any of MSI's computer systems.

26      49.    MSI alleges, based on information and belief, that Defendants
27  knowingly and without permission:

28      a.    accessed the MSI Computer Systems;

b. altered, damaged, deleted, destroyed, and used the MSI data and the MSI Computer Systems as part of his scheme to defraud and deceive MSI, to wrongfully obtain MSI's money, property and data, and to wrongfully copy and use the computer data for their competing business activities, to jump-start their sales activity and to solicit MSI's existing customers, suppliers, and business opportunities, so that they would not have to invest their own time, money, skill and effort in acquiring and developing the MSI data they removed from MSI without permission.

c. accessed, took, copied, and made use of MSI's data from the MSI Computer Systems;

d. used MSI's computer services; and

e. accessed, altered, damaged, deleted, and destroyed MSI's data which resided internal and external to the MSI Computer Systems.

50. Defendants' unauthorized access to MSI's computer systems was not done in the course and scope of any employment with MSI, but rather for their own personal benefit. Similarly, Sanghvi was not copying MSI's electronic files in order to perform acts that were reasonably necessary to the performance of his work assignments for MSI.

51. MSI has been damaged as a result of Defendants' violations of Section 502, in an amount to be proven at trial, but believed to be well in excess of the minimum jurisdiction of this Court. These damages include, but are not limited to, lost revenue from existing customers and business opportunities stolen by Defendants and the costs reasonably and necessarily incurred by MSI to verify the extent to which its computers and data were altered, damaged or deleted by Defendants.

52. Under Section 502, MSI is entitled to an award of actual and compensatory damages against Defendants for injuries suffered by MSI to date including, but not limited to, amounts paid by MSI to verify that MSI's computer

1  systems and data were or were not altered, damaged, or deleted by Defendants'
2  unlawful access.

3        53.    The violations described above, including Defendants' knowing and
4  wrongful accessing of MSI's computer-related property, threaten to and will cause
5  great and irreparable injury to MSI in that Defendants have copied the computer
6  files to the computer systems of their competing business in order to unlawfully use
7  such files in competition with MSI.  The damages that will be sustained by MSI by
8  reason thereof cannot readily be ascertained or calculated and, therefore, immediate
9  injunctive relief as prayed for herein is warranted.

10        54.    Defendants' conduct was willful.  Therefore, under Penal Code
11  Section 502(e)(4), MSI is entitled to an award of punitive or exemplary damages.

12        55.    In addition, under Penal Code Section 502(e)(2), MSI is entitled to
13  an award of its reasonable attorneys' fees and costs incurred in pursuing this cause
14  of action against Defendants.

15                        **THIRD CAUSE OF ACTION**
16                   (Violation of Cal. Penal Code Section 496)

17        56.    MSI incorporates by reference as though fully set forth herein the
18  allegations in each of the foregoing Paragraphs of the Complaint.

19        57.    In 2015 and 2016, Sanghvi received salary payments, benefits, and
20  personal property including but not limited to computers, laptops, and cell phones
21  from MSI, all of which he obtained through false pretense in that Sanghvi
22  knowingly and intentionally deceived MSI into giving him possession of MSI's
23  personal property and continuing to pay him salary employment benefits.

24        58.    MSI entrusted Sanghvi with possession of its property because of his
25  trusted role in the company.  Sanghvi fraudulently converted and used that property
26  for his own benefit, with the intent to deprive MSI of its use of the property.

27        59.    Sanghvi deceived MSI by misrepresenting that he had been, was
28  currently, and in the future would continue to devote himself faithfully to the

business interests of MSI when in actuality he was developing a new, undisclosed business—Counter Surfaces—to compete directly against MSI. Sanghvi deceived MSI with the intent to persuade MSI to give him possession of money and property, and access to records and computer files, that rightfully belonged to MSI. MSI did in fact give Sanghvi possession of MSI's money (in the form of salary and other benefits) and property in reliance on Sanghvi's false pretenses and concealed plans. In return, and before announcing his resignation from MSI, Defendants secretly and without permission or authorization stole MSI's computer files, which they knew belonged to MSI, and then Sanghvi concealed and lied about these actions.

60.     As a direct and proximate result of Defendants' actions, MSI has suffered, and continues to suffer, actual damages in amount to be proven at trial, but which include, among other things, the stolen computer files and the salary and employment benefits MSI paid and provided to Sanghvi and the value of the property that it entrusted to him.

61.     Defendants' actions as described above constitute violations of Penal Code Section 496. As a result of Defendants' violation of Penal Code section 496, MSI is entitled to a just award of treble damages, costs of suit, and reasonable attorneys' fees pursuant to Penal Code section 496(c).

## FOURTH CAUSE OF ACTION

(Violation Of The Federal Computer Fraud And Abuse Act, 18 U.S.C. § 1030)

62.     MSI incorporates by reference as though fully set forth herein the allegations in each of the foregoing Paragraphs of the Complaint.

63.     Federal law, like California law, makes it a criminal offense for individuals, including employees, to steal computer information. One such federal statute is the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA").

64.     MSI owns protected computers on which it maintains valuable business information, including MSI's Trade Secrets. MSI's computers are used in interstate commerce and communication. The computers are password-protected to

1    restrict unauthorized access.

2    65.    Defendants knowingly and intentionally accessed MSI's computers

3    without authorization, and Sanghvi knowingly and intentionally exceeded his

4    limited authorized access.  Defendants' purpose in secretly accessing MSI's

5    computers was to obtain information, including MSI's Trade Secrets and valuable

6    business information, to compete against MSI.  Therefore, when Defendants

7    accessed MSI's computers without permission in order to steal MSI's computer

8    information, Defendants had the intent to defraud and further the intended fraud by

9    copying MSI's computer files, which was of great value and use for Defendants in

10   their competing business activities.

11   66.    Defendants' access to MSI's computers has caused loss and/or

12   damage to MSI well in excess of $5,000, including but not limited to costs incurred

13   in investigating and responding to Defendants' unlawful conduct, and other

14   consequential damages.

15   67.    Defendants' actions violate at least the following provisions of the

16   CFAA: 18 U.S.C. § 1030(a)(2)(C), § 1030(a)(4), § 1030(a)(5).

17   68.    Although the CFAA is a criminal statute, MSI may maintain a civil

18   action against Defendants for damages, injunctive relief, and other equitable relief,

19   under 18 U.S.C. § 1030(g).

20   69.    Defendants' conduct has caused, and will continue to cause,

21   irreparable injury to MSI, its business opportunities, its goodwill, and its employees.

22   MSI has no adequate remedy at law.  Therefore, injunctive relief is appropriate.

23                          **FIFTH CAUSE OF ACTION**

24              (Fraud and Deceit – Violation of Civ. Code §§ 1709, 1710)

25   70.    MSI incorporates by reference as though fully set forth herein the

26   allegations in each of the foregoing Paragraphs of the Complaint.

27   71.    Sanghvi induced MSI to enter into an agreement whereby MSI paid

28   Sanghvi an annual salary, bonuses, and employment benefits, and gave him access

1   to MSI's Trade Secrets and other valuable information, equipment and resources,

2   with false promises and misrepresentations that Sanghvi had devoted, was devoting,

3   and would devote his full time and energy to his work for MSI, and that Sanghvi

4   would honor the promises to comply with MSI's policies, including for the

5   protection of MSI's trade secrets and business interests.

6          72.    Defendants knew that MSI would not have continued Sanghvi's

7   employment or paid Sanghvi's compensation or allowed Sanghvi to access and use

8   its information and property if MSI had known that (a) Sanghvi actually had not

9   devoted and was not devoting his full-time attention to his work for MSI, or (b)

10  Sanghvi was devoting any portion of MSI's assets and resources to develop the

11  business enterprise that became Counter Surfaces, Incorporated, or if MSI had been

12  aware that Sanghvi actually had any intention to compete directly against MSI.  MSI

13  actually relied on Sanghvi's misrepresentations when it continued his employment,

14  paid him valuable compensation and benefits, and gave him access to MSI's

15  property and information.

16         73.    Sanghvi's misrepresentations were of material facts—if MSI had

17  known Sanghvi's true intent, MSI would not have continued Sanghvi's employment,

18  MSI would not have paid him any of the compensation Sanghvi received, and MSI

19  would not have given Sanghvi access to any of MSI's computers, data, records or

20  materials.

21         74.    As alleged above, in about late 2015, if not earlier, Sanghvi began

22  willfully and secretly using MSI's property, equipment, resources, including

23  Sanghvi's time, and funds to develop and launch the competing business enterprise

24  that became Counter Surfaces.  Sanghvi misled MSI in this regard and concealed his

25  actions.  Sanghvi did so for his own personal use, benefit, and enrichment and for

26  the benefit and enrichment of Counter Surfaces and the other defendants.  As

27  alleged above, Sanghvi undertook these actions pursuant to a conspiracy and

28  agreement between and among himself, Counter Surfaces, and the other defendants.

At the time that Sanghvi engaged in these deceptive acts (described more fully in the allegations above) pursuant to his conspiracy with Counter Surfaces and the other defendants, MSI was ignorant of the true facts and could not, in the exercise of reasonable diligence, have discovered the truth.  Further, MSI relied on Sanghvi, based on his employment duties and loyalty as a trusted employee of MSI, not to mislead MSI and to disclose fully to MSI his conflict of interest in Counter Surfaces and all of Sanghvi's uses of MSI's assets and resources.

75.     MSI is informed and believes, and thereon alleges, that Sanghvi, acting in concert and agreement with Counter Surfaces and the other defendants, willfully and wrongfully engaged in these activities, without MSI's authorization or consent.  MSI is further informed and believes, and thereon alleges, that Sanghvi exploited his deception to access, use, and take MSI's Trade Secrets, computer data and other valuable resources for himself and for the benefit of the competing enterprise that became Counter Surfaces, and to conceal the fact that he did so, notwithstanding that by virtue of his position of trust and confidence with MSI, Sanghvi had a duty to disclose his new business venture and his actual motivation and purpose before engaging in any of these secret activities, ostensibly on behalf of MSI.

76.     At the time that Sanghvi engaged in these activities, Sanghvi intended to and actually did mislead MSI and conceal the actual facts from MSI in furtherance of his plan to misappropriate and use MSI's data and resources, all to MSI's damage, and to the benefit of Defendants.  Defendants acted with intent to defraud MSI and to prevent MSI from discovering and/or interfering with their wrongful conduct.

77.     MSI justifiably relied on Sanghvi's false and misleading statements, omissions, and acts to conceal the actual facts as MSI relied on Sanghvi's fulfillment of his employment and fiduciary duties to MSI.

78.     As a result of Defendants' fraud upon MSI, MSI has been damaged

1   in an amount, the precise sum of which is not presently ascertainable, but which will

2   be proven at trial.  Similarly, Defendants have been unjustly enriched by and

3   benefitted from their fraud.

4        79.     Defendants' aforementioned conduct was despicable, malicious,

5   oppressive, fraudulent, and engaged in with a willful and conscious disregard of

6   MSI's rights and with the intention, on the part of Defendants, of stealing from MSI

7   and otherwise causing MSI injury.  Defendants' outrageous conduct subjected MSI

8   to unjust hardship in a conscious and willful disregard of its rights.  Accordingly,

9   MSI is entitled to a just award of punitive and exemplary damages.

10              **SIXTH CAUSE OF ACTION**

11        (Federal Trademark Infringement – 15 U.S.C. § 1125)

12       80.     MSI incorporates by reference as though fully set forth herein the

13   allegations in each of the foregoing Paragraphs of the Complaint.

14       81.     Defendants' unauthorized use of the Marks constitutes trademark

15   infringement and false designation of origin under the Lanham Act, 15 U.S.C. §

16   1125(a).  Defendants' use of the Marks is likely to cause confusion, or to cause

17   mistake, or to deceive as to the affiliation, connection, or association between MSI

18   and Defendants, and as to the origin, sponsorship or approval of Defendants' goods

19   or services.  In particular, actual or potential customers and others are likely to be

20   confused as to whether Defendants are affiliated with, connected to, or associated

21   with MSI, or whether MSI sponsors or approves Defendants' goods or services.

22   Defendants' acts have caused and will cause significant damages, including lost

23   sales and profits in an amount to be determined, and irreparable harm to MSI.

24   Moreover, Defendants' conduct has caused and will cause significant harm to MSI's

25   reputation and goodwill which MSI has established through years of effort and

26   expense.

27       82.     Defendants' conduct has been willful with full knowledge of MSI's

28   trademark rights.  Defendants will continue such willful and intentional conduct

1  unless enjoined by this Court.  In light of the willful nature of Defendants' conduct,

2  this is an "exceptional" case under the Lanham Act, which entitles MSI to its

3  attorneys' fees in this action and enhanced damages.

4  **SEVENTH CAUSE OF ACTION**

5  (Unfair Competition Under Business & Professions Code §§ 17200, et seq.)

6     83.    MSI incorporates by reference as though fully set forth herein the

7  allegations in each of the foregoing Paragraphs of the Complaint.

8     84.    As alleged in this Complaint, Defendants have engaged in conduct

9  that constitutes unlawful, unfair, and fraudulent business practices in violation of

10 California Business and Professions Code §§ 17200 et seq.

11    85.    Defendants took the actions alleged in this Complaint with the intent

12 to injure MSI and to gain an unfair competitive advantage in the marketplace.

13    86.    As a direct and proximate result of Defendants' unlawful conduct,

14 MSI has suffered, and will continue to suffer, substantial actual losses for which is

15 entitled to restitution from MSI.  The exact amount of the restitution and other

16 available relief is not presently ascertainable, but is believed to be in excess of the

17 jurisdiction of this Court.

18    87.    Unless enjoined by the Court, Defendants will continue to engage in

19 the acts, conduct and omissions set forth above, which have resulted, and will

20 continue to result in, irreparable injury to MSI.  MSI has no adequate remedy at law

21 for such acts and threatened acts.  Therefore, MSI requests, pursuant to California

22 Business & Professions Code § 17203, that during the pendency of this action, the

23 Court issue a preliminary injunction, and that after trial, the Court issue a permanent

24 injunction, restraining and enjoining Defendants and their agents, employees,

25 attorneys and representatives, and anyone acting at their direction or on their behalf,

26 from engaging in further conduct constituting unfair competition.

27 **PRAYER FOR RELIEF**

28    NOW, THEREFORE, MSI prays for judgment and relief as follows:

Rutan & Tucker, LLP
*attorneys at law*

1.    For an Order directing Defendants to return all of MSI's Trade Secrets and other property in their possession, custody or control;

2.    For an Order permanently enjoining Defendants and all persons or entities acting in concert with them from directly or indirectly:

    a.    Obtaining, using, or disclosing any of MSI's Trade Secrets or the other data belonging to MSI, for any purpose whatsoever;

    b.    Accessing, retrieving, copying, deleting, destroying, altering, or disseminating any hard or electronic copies of MSI's Trade Secrets, data or documents;

    c.    For a period of at least two years, doing business with any customer, vendor or supplier of MSI;

    d.    Using or disclosing MSI's Trade Secrets to solicit or accept business from MSI's customers;

    e.    Infringing or otherwise using MSI's Marks or any confusingly similar mark;

3.    That Defendants be required to forthwith deliver up to MSI for destruction any and all merchandise or other items in their possession, custody, or control that would otherwise violate the aforesaid injunction;

4.    That Defendants be further required to deliver up to MSI for destruction any and all boxes, containers, labels, signs, prints, packages, wrappers, advertising, promotional and other material in their possession, custody or control displaying or promoting any merchandise or other items bearing or incorporating MSI's Marks or any confusingly similar mark or design;

5.    That Defendants account for all profits realized as a consequence of their unlawful acts of deliberate and intentional trademark infringement, as alleged herein, and that the amount of profits realized by Defendants by reason of their unlawful acts be trebled, as provided by law pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

1    6.    That this case be deemed "exceptional" under the Lanham Act;

2    7.    For damages, including lost profits, according to proof, as set forth

3    herein;

4    8.    For restitution and disgorgement of all ill-gotten gains;

5    9.    For treble damages;

6    10.    For punitive and exemplary damages, according to proof at trial, for all

7    causes of action for which such damages are authorized;

8    11.    For reasonable attorneys' fees and costs incurred herein as allowed by

9    law;

10    12.    For prejudgment and post-judgment interest at the maximum legal rate,

11    as applicable, as an element of damages which MSI has suffered as a result of

12    Defendants' wrongful and unlawful acts; and

13    13.    For all costs incurred herein as allowed by law;

14    14.    For such other relief as the Court deems just and proper.

15    Dated:  April 3, 2017                    RUTAN & TUCKER, LLP
                                              MARK J. PAYNE
16                                            RONALD P. OINES

17                                            By:_____/s/ Mark J. Payne_____

18                                                Mark J. Payne
                                                  Attorneys for Plaintiff
19                                                M S INTERNATIONAL, INC.

20

21

22                        **DEMAND FOR JURY TRIAL**

23    Plaintiff MSI hereby demands a trial by jury.

24    Dated:  April 3, 2017                    RUTAN & TUCKER, LLP
                                              MARK J. PAYNE
25                                            RONALD P. OINES

26
                                              By:_____/s/ Mark J. Payne_____
27
                                                  Mark J. Payne
28                                                Attorneys for Plaintiff
                                                  M S INTERNATIONAL, INC.

Rutan & Tucker, LLP
*attorneys at law*